IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
PALM BEACH COUNTY, STATE OF FLORIDA CIVIL DIVISION

Case no. 2015CA012028 AI

LARRY NOVAK,

    Plaintiff

vs.

STACEY SCOTT HELLOW Stacey Scott Hellow is, a/k/a
Stacey Scott and Stacey Hellow and STEVEN CAMPBELL,
in their individual capacities, and RIC D. BRADSHAW,
in his official capacity as Sheriff of Palm Beach County, State of Florida,

    Defendants.
_____/

## THIRD AMENDED COMPLAINT

Plaintiff, Larry Novak, by and through the undersigned counsel, via this Amended Complaint, sues Defendant, Ric D. Bradshaw, in his official capacity as Sheriff of Palm Beach County, Florida, and states:

1. Plaintiff Larry Novak, at the time the initial filing, is an adult resident of Palm Beach County.

2. Defendant, Ric D. Bradshaw (hereinafter referred to as "Defendant") is the duly elected Sheriff in and for Palm Beach County, State of Florida.

3. All acts material to this action occurred in Palm Beach County, Florida.

4. All claims herein seek damages exceeding $15,000.00 exclusive of costs and attorney's fees.

1

5. Pursuant to §768.28, Florida Statutes, Plaintiff notified Defendant, Sheriff and the Department of Financial Services, State of Florida, of this claim at least six months prior to filing this action and said claim was not resolved.

## COUNT I - FALSE IMPRISONMENT
## v. DEFENDANT, SHERIFF OF PALM BEACH COUNTY, FLORIDA

6. Paragraphs 1 - 5 above are incorporated and re-alleged herein.

7. Pursuant to §768.28, Florida Statutes, Plaintiff notified Defendant, Sheriff and the Department of Financial Services, State of Florida, of this claim at least six months prior to filing this action and said claim was not resolved.

8. On December 23, 2014, upon information and belief Defendant's employee, a law enforcement officer named Stacey Scott or Stacey Hellow (hereinafter "Hellow"), either directly seized, detained, and imprisoned Plaintiff by placing him in handcuffs and delivering him to a secure mental health facility or proximately caused other law enforcement officers employed by Defendant, Sheriff to do so via her actions alleged herein.

9. Against Plaintiff's will, Defendant's employee Hellow completely restrained Plaintiff in his movements and deprived of his liberty for a period of more than two days, or proximately caused fellow law enforcement officers employed by Defendant to do so.

10. Defendant accomplished Plaintiff's seizure, detention and imprisonment by falsely procuring a court order on December 19, 2014 requiring the involuntary commitment of Plaintiff under the "Baker Act" (hereinafter referred to as "the Order").

11. Defendant through employees of his department, procured the Order by fraud and misrepresentations contained in a Petition to the Court, which was unsigned, unsworn, and which

misrepresented Plaintiff's character, mental condition and actions to the extent that the petition was false.

12. In the Baker Act Petition, Defendants' employee Hellow misrepresented Plaintiff's character, mental condition, and actions to the extent that the Petition was false.

13. In addition, the petition which procured the Order was submitted, upon information and belief, by Defendant's employee Hellow, who had no personal knowledge of Plaintiff, Novak, and did not investigate the veracity or authenticity of the allegations given her by the third party, or the motives of the informant, believed to be an employee of Defendant named Thomas Campbell or Steven Campbell (hereinafter "Campbell").

14. Had Defendant's employee Hellow done even minimal investigation, Defendant's law enforcement officers and other employees would have learned that Campbell had an ongoing dispute or grudge against Plaintiff and that his allegations were false.

15. By failing to perform even a minimal investigation into the allegations given by Campbell, Defendant caused Plaintiff to be falsely imprisoned.

16. Following Plaintiff's release from detainment, the issuing judge declared the Order to be void. See Exhibit A.

17. At all times material to this claim, Defendant's employees acted in the course, and within the scope of their employment, duties and authority as employees of Defendant and therefore, pursuant to Fla. Stat. §768.28, Defendant is vicariously liable for the damages proximately caused by his employees' false imprisonment of Plaintiff.

18. Defendant's actions as alleged herein proximately caused Plaintiff to suffer damages including physical inconvenience; physical discomfort; loss of time; mental suffering,

3

embarrassment, humiliation, disgrace, and injury to his feelings. Plaintiff's damages are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Ric D. Bradshaw, in his official capacity as Sheriff of Palm Beach County, State of Florida for compensatory damages and costs of this litigation.

### COUNT II – FRAUDULENT or NEGLIGENT MISREPRESENTATION TO THE COURT
### (pled in the alternative to Count I)

19. Paragraphs 1 - 5 above are incorporated and re-alleged herein.

20. On December 23, 2014, Defendant's employee Hellow, either directly seized, detained, and imprisoned Plaintiff by placing him in handcuffs and delivering him to a secure mental health facility or proximately caused other law enforcement officers employed by Defendant, Sheriff to do so via her actions alleged herein.

21. Against Plaintiff's will, Defendant through his employees, including Hellow, completely restrained Plaintiff in his movements and deprived of his liberty for a period of more than two days, or proximately caused fellow law enforcement officers employed by Defendant to do so.

22. Defendant accomplished Plaintiff's seizure, detention and imprisonment by falsely procuring a court order on December 19, 2014 requiring the involuntary commitment of Plaintiff under the "Baker Act" (hereinafter referred to as "the Order").

23. Defendant through employees of his department, procured the Order by the fraudulent or negligent misrepresentations contained in a "Petition" to the Court written and/or submitted to the Court by Defendant's employee Hellow.

4

24. The Petition was unsigned, unsworn, and misrepresented Plaintiff's character, mental condition and actions to such a degree that the petition as a whole, and all stated grounds for detaining and committing Plaintiff were false.

25. In addition, Defendant's employee Hellow who upon information and belief submitted and/or drafted the Petition, had no personal knowledge of Plaintiff, Novak and did not investigate the veracity or authenticity of the allegations given her by the third party, or the motives of the informant, believed to be Defendant's employee Campbell.

26. Had Defendant's employee Hellow done even minimal investigation, Defendant's law enforcement officers and other employees would have learned that Defendant's employee Campbell had an ongoing dispute or grudge against Plaintiff and that his allegations were false.

27. By failing to perform even a minimal investigation into the allegations Defendant, Defendant's officers and employees, including but not limited to Defendant's employee Hellow, caused Plaintiff to be falsely imprisoned.

28. Following Plaintiff's release from detainment, the issuing judge declared the Order to be void. See Exhibit A.

29. At all times material to this claim and, whether intentionally or negligently, writing and submitting false information to the Court, Defendant's employees acted in the course, and within the scope of their employment, duties and authority as employees of Defendant, and therefore, pursuant to Fla. Stat. §768.28, Defendant is vicariously liable for the damages proximately caused by his employees' misrepresentations to the Court and resultant false imprisonment.

5

30. Defendant's actions as alleged herein proximately caused Plaintiff to suffer damages including physical inconvenience; physical discomfort; loss of time; mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings. Plaintiff's damages are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Ric D. Bradshaw, in his official capacity as Sheriff of Palm Beach County, Florida for compensatory damages and the costs of this litigation.

### COUNT III - FALSE IMPRISONMENT; 42 U.S.C. §1983, 1988

31. Paragraphs 1 – 5, 7 – 17, and 19 – 29 above are incorporated and re-alleged herein.

32. All actions of agents and employees' actions alleged herein were carried out under color of state law.

33. Whether Defendant's employee Hellow, acted intentionally or just negligently, in conspiracy with Defendant's employee Campbell or not, Hellow at the very least submitted an unsigned petition to involuntarily commit the Plaintiff to a mental ward for detention and evaluation when she either knew or should have known that the contents of the Petition she drafted and/or submitted were false.

34. Defendant vicariously through his employee Hellow's actions as alleged in Counts I and II above deprived Plaintiff of his right to be free from unlawful seizure of his person and deprivation of his liberty as guaranteed by the Fourth Amendment and to substantive and procedural due process as guaranteed by the 14th Amendment.

6

35. Defendant's employee Heilow's actions and those of other PBC Sheriff's employees and agents as alleged herein, proximately caused Plaintiff to suffer damages including physical inconvenience; physical discomfort; loss of time; mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings. Plaintiff's damages are continuing to this day and are likely to continue in the future.

36. The acts of failing to investigate or intentionally filing a false petition to the Court obtaining a false and fraudulently obtained commitment Order, occurred with the direct knowledge of PBC Sheriff, Defendant the policymaker of the department, and therefore, PBC and the Sheriff, in his official and individual capacities, is liable for Plaintiff's damages pursuant to 42 U.S.C. §1985.

37. In addition, or in the alternative, Plaintiff's false imprisonment and commitment directly and proximately resulted from and were caused by the unconstitutional policies, customs and practices of the Palm Beach Sheriff's Department ("PBCSD") as follows.

- A. PBCSD's policies do not require a second or supervisory officer's approval of petitions for commitment prior to their submissions to the Court for judicial action.

- B. PBCSD's policies do not require its law enforcement officers to investigate, even minimally, to seek or find corroborating evidence to determine the authenticity and credibility of information provided by and received from third-party informants, whether or not said informants are other employees of PBCSD, before submitting petitions for involuntary commitment to the Court.

- C. PBCSD's policies do establish minimum standards and burdens of proof needed to submit petitions for involuntary commitment to the Court.

- D. PBCSD's policies do not require its law enforcement officers to swear out an affidavit or swear out a petition for involuntary commitment prior to submitting such an affidavit or petition.

7

38. Defendant's employee Hellow's actions, which were proximately caused by any or all of the above policies or customs of the PBCSD, proximately caused Plaintiff to suffer damages including physical inconvenience; physical discomfort; loss of time; mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings. Plaintiff's damages are continuing to this day and are likely to continue in the future.

39. Because either its policymaker knew of and authorized the illegal seizure and imprisonment of Plaintiff, or because PBCSD's unconstitutional policies, deliberately indifferent to the rights of those it is obligated to protect and serve, proximately caused the deprivation of Plaintiff's constitutional rights, Defendant in his official and/or individual capacity, is liable for Plaintiff's damages pursuant to 42 U.S.C. §1983.

40. As the prevailing party in this action, Plaintiff is entitled to recover attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff demands judgment against Defendant Ric D. Bradshaw, in his official and/or individual capacity as Sheriff of Palm Beach County, Florida for compensatory damages, and costs and attorneys' fees incurred in this litigation.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Exhibit "A" to Defendant's Notice of Removal

Respectfully submitted this 10th day of May, 2018, by:

        Joann M Hennessey, PL
        28 W. Flagler Street, Suite 608
        Miami, FL 33130
        Tel: (305) 639.8791
        Fax: (954) 677.8888

        By: */s/ Joann M. Hennessey*
           Joann M. Hennessey
           Florida Bar No. 192465

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by email this 10th day of May, 2018 to: Gary Oldenhoff, Esquire, Harriet Lewis, Esquire, Lewis Stroud & Deutsch, PL, 1900 Glades Road, Suite 251, Boca Raton, FL 33431

| Gary K Oldehoff | goldehoff@lsdlaw.net | twolosh@lsdlaw.net |  |
|---|---|---|---|
| Harriet R Lewis | hlewis@lsdlaw.net | jwright@lsdlaw.net | goldehoff@lsdlaw.net |

        Joann M Hennessey, PL
        28 W. Flagler Street, Suite 608
        Miami, FL 33130
        Tel: (305) 639.8791
        Fax: (786) 953.5195

        By: */s/ Joann M. Hennessey*
           Joann M. Hennessey
           Florida Bar No. 192465

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY
FLORIDA

PROBATE DIVISION

CASE NO.: 502014MH002403XXXXMB

IN RE:

LARRY S. NOVAK,
_____/

## ORDER GRANTING RESPONDENT'S AMENDED MOTION FOR RELIEF FROM JUDGMENT

**THIS CAUSE** came on to be heard at a specially set hearing on June 15, 2015 as to the Amended Motion For Relief From Judgment filed by Larry S. Novak. The Petitioner, Palm Beach County Sheriff was present and represented at the hearing as was the Palm Beach County Clerk. Having heard testimony; reviewed evidence; and heard the arguments of counsel, it is hereby:

**ORDERED AND ADJUDGED** that the Motion is GRANTED and the Order For Involuntary Commitment issued by this Court on December 19, 2014, as to Larry S. Novak is hereby determined to be **VOID** as the jurisdiction of the court was not invoked by a proper pleading. The Petition filed on behalf of the Palm Beach County Sheriff by Stacey Scott was neither signed nor sworn to as required by law. See State v. Johnston, 553 So. 2d 730 (Fla. 2d DCA 1989).

**JURISDICTION** is reserved to consider the issue of attorneys' fees raised by Respondent.

**DONE AND ORDERED** this  09  day of June, 2015 at West Palm Beach, Florida.

Page 1 of 2

Janis Brustares Keyser
JANIS BRUSTARES KEYSER
CIRCUIT JUDGE

Copies furnished:

Steven W. Gomberg, Esq.
4905 Southern Blvd., Suite 206,
W. Palm Beach, FL 33406
561-471-8100 Email gomberglaw@comcast.net

Harriet R. Lewis, Esq.
Lewis Stroud & Deutsch, P.l.
1900 Glades Road Suite 251
Boca Raton, FL 33431
561-826-2800 Email: hlewis@lsdlaw.net

HAMPTON PETERSON, ESQ.
Legal Counsel
Palm Beach County Clerk of Courts
301 N. Olive Ave.
W. Palm Beach, FL. 33401
561-355-2983 Email: Hpeterson@mypalmbeachclerk.com

Page 2 of 2