UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-80630-BLOOM/Reinhart

LARRY NOVAK,

    Plaintiff,

v.

RIC D. BRADSHAW, as Sheriff of Palm
Beach County, Florida,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Ric D. Bradshaw's ("Sheriff Bradshaw") Motion to Dismiss Count II and Count III of the Third Amended Complaint, ECF No. [11] (the "Motion"). The Court has carefully reviewed the Motion, all opposing and supporting briefs, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted and the case is *sua sponte* remanded.

### I. BACKGROUND

Plaintiff, Larry Novak ("Novak"), filed this action on October 28, 2015, against Stacy Scott or Stacy Hellow ("Hellow") for malicious prosecution in the Fifteenth Judicial Circuit in and for Palm Beach County, Case No. 2015-CA-012028. Novak then filed a First Amended Complaint on March 1, 2016, against Hellow and Sheriff Bradshaw for false imprisonment and malicious prosecution. Subsequently, Novak filed a Second Amended Complaint on April 17, 2018, against Hellow and Sheriff Bradshaw for municipal liability pursuant to 42 U.S.C. § 1983. Shortly thereafter, Novak filed a Third Amended Complaint on May 10, 2018, against Sheriff Bradshaw in his individual and official capacity for municipal liability pursuant to 42 U.S.C. §

1983. Sheriff Bradshaw timely removed this action to Federal Court on May 14, 2018. *See* ECF No. [1].

Novak's Third Amended Complaint contains three counts for liability: (1) false imprisonment under Fla. Stat. § 768.28; (2) fraudulent or negligent misrepresentation to the court under Fla. Stat. § 768.28; and (3) false imprisonment under 42 U.S.C. §§ 1983, 1988[1]. *See* ECF No. [1-1]. According to the Third Amended Complaint, Sheriff Bradshaw's employee, law enforcement officer Hellow, improperly seized, detained, and imprisoned Novak by falsely procuring a court order for Novak's involuntary commitment under the Baker Act. *Id.* at ¶ 8-10. In particular, Novak claims that the petition submitted for the Baker Act was "unsigned, unsworn, and misrepresented [Novak's] character, mental condition and actions." *Id.* at ¶ 24. Sheriff Bradshaw purportedly violated Novak's "right to be free from unlawful seizure of his person and deprivation of his liberty as guaranteed by the Fourth Amendment and to substantive and procedural due process as guaranteed by the Fourteenth Amendment." *Id.* at ¶ 34.

Based on the foregoing, Novak alleges that, pursuant to 42 U.S.C. § 1983, Sheriff Bradshaw is liable for Novak's damages in his individual and official capacity because Hellow was an employee of Palm Beach County Sheriff's Department ("PBCSD"). *Id.* at ¶ 36-39. In response to the Third Amended Complaint, Sheriff Bradshaw moved to dismiss Novak's claims in Counts II and III for failure to state a claim. *See* ECF No. [11]. Novak and Sheriff Bradshaw thereafter filed a timely Response and Reply respectively. *See* ECF Nos. [14] and [19]. The Motion is now ripe for review.

---

[1] The Court notes that the Third Amended Complaint contains a reference to 42 U.S.C. § 1985. This appears to be a typographical error as 42 U.S.C. § 1985 relates to conspiracy and the Complaint has not sufficiently plead conspiracy. ECF No. [1-1 at ¶ 36]. Rather, all allegations in the Complaint pertain to 42 U.S.C. § 1983.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the

claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**III. DISCUSSION**

    **a.    Count III: False Imprisonment Pursuant to 42 U.S.C. § 1983**

The Court first addresses the federal law claim, Count III. Sheriff Bradshaw seeks to dismiss Count III of the Third Amended Complaint because it "fails to state a claim for individual or supervisory liability against Sheriff Bradshaw, nor for *Monell* liability for [Novak's] alleged confinement under the Baker Act." *See* ECF No. [11]. In support of this argument, Sheriff Bradshaw argues that Novak's allegations in the Third Amended Complaint are conclusory and devoid of any factual support. *Id.* Accordingly, this Court must determine whether Novak has plead facts sufficient to state a claim against Sheriff Bradshaw under 42 U.S.C. § 1983 to sustain a claim against Sheriff Bradshaw individually and in his official capacity.

        **i.    Individual Liability**

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional

deprivation." *Id.* (internal quotation marks and citations omitted).

In the instant case, Novak fails to provide sufficient facts to support a § 1983 claim to hold Sheriff Bradshaw individually liable. Novak merely alleges that Sheriff Bradshaw should be held individually liable as a result of Sheriff Bradshaw's subordinates' personal involvement with Novak's detainment under the Baker Act. *See* ECF No. [1-1 at ¶ 36, 39]. Furthermore, Novak did not allege that Sheriff Bradshaw personally participated in Novak's detention under the Baker Act nor any causal connection between Novak's detainment and Sheriff Bradshaw. Significantly, the caption of the case and the introductory paragraph of the Third Amended Complaint clearly state that Novak is only suing Sheriff Bradshaw in his official capacity. *See* ECF No. [1-1] at 1 (Plaintiff, Larry Novak, by and through the undersigned counsel, via this Amended Complaint, sues Defendant, Ric. D. Bradshaw, in his official capacity as Sheriff of Palm Beach County, Florida). Since Sheriff Bradshaw has not been sued in his individual capacity and there are no allegations that he personally participated in Novak's detainment or that there was some causal connection between his actions and the alleged unconstitutional conduct, there are insufficient allegations to sustain a §1983 claim against Sheriff Bradshaw. Thus, to the extent Plaintiff attempted to plead any claims against Sheriff Bradshaw in his individual capacity, they are dismissed with prejudice.

### ii. Municipal Liability

"It is a well settled legal principle that suits against state officials in their official capacity are treated as suits against the state or entity it represents." *Miller v. Lamberti*, 10-60051-CIV, 2010 WL 11549708, at *2 (S.D. Fla. Aug. 27, 2010) (internal quotation marks and citations omitted). "A municipality may be liable under 42 U.S.C. § 1983 for the actions of its police officers only if the municipality is found to have itself caused the constitutional violation at

issue." *Id.* "In other words, a municipality cannot be found liable on a vicarious liability or *respondeat superior* theory." *Id.* (citing *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978)). "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable pursuant to 42 U.S.C. § 1983." *Miller v. Lamberti*, 10-60051-CIV, 2010 WL 11549708, at *2 (S.D. Fla. Aug. 27, 2010) (internal quotation marks and citations omitted).

"To establish municipal liability under § 1983 the plaintiff must show that: (1) his constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and (3) the policy or custom caused the violation of his constitutional rights." *Id.* at *3 (citations omitted). "A party may establish that such a policy exists by proving either an officially promulgated county policy or an unofficial custom or practice of the county shown through repeated acts of a final policymaker for the county." *Id.* (internal quotation marks and citations omitted).

In the instant case, Novak fails to provide sufficient facts to support a § 1983 claim to hold Sheriff Bradshaw liable in his official capacity. Novak merely listed the following four supposedly implemented "policies, customs, and practices" that allegedly caused Novak's Fourth and Fourteenth Amendment rights to be violated, ECF No. [1-1 at ¶ 37]:

1. PBCSD's policies do not require a second or supervisory officer's approval of petitions for commitment prior to their submissions to the Court for judicial action.
2. PBCSD's policies do not require its law enforcement officers to investigate, even minimally, to seek or find corroborating evidence to determine the authenticity and credibility of information provided by and received from third-party informants, whether or not said informants are other employees of PBCSD, before submitting petitions for involuntary commitment to the Court.

    3. PBCSD's policies do establish minimum standards and burdens of proof needed to submit petitions for involuntary commitment to the Court.
    4. PBCSD's policies do not require its law enforcement officers to swear out an affidavit or swear out a petition for involuntary commitment prior to submitting such an affidavit or petition.

However, Novak failed to show a basis that the listed policies are officially promulgated county policies. Additionally, Novak failed to allege any other instances/occurrences that such policies were implemented any other time other than in the instant case. *Miller v. Lamberti*, 10-60051-CV, 2011 WL 13214040, at *3 (S.D. Fla. Apr. 7, 2011) (dismissing § 1983 action for failure to state a claim under Rule 12(b)(6) when plaintiff's conclusory allegations of "policies and practices" were insufficient to establish any officially adopted or permanently settled policies implemented by the sheriff's department). Since there are no officially promulgated policies or alleged acts of Sheriff Bradshaw that could have caused Novak's injuries, there are insufficient allegations to support a § 1983 claim against him in his official capacity. Thus, Plaintiff's claims against Sheriff Bradshaw fail to state a claim and require dismissal.

    **b. Count II: Fraudulent and Negligent Misrepresentation to the Court**

This case was removed on the basis of federal question jurisdiction. Because the Court dismisses Count III, the only claim for federal question jurisdiction, the Court declines to exercise supplemental jurisdiction. Pursuant to 28 USC 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." Accordingly, the Court has no subject matter jurisdiction over the remaining claims, requiring the remand of this action to the 15th Judicial Circuit in and for Palm Beach County, Florida. Furthermore, this Motion is dismissed with prejudice as to Count III because Novak failed to request leave to

amend and this is Novak's fourth Complaint and he has had an ample opportunity to support hise § 1983 claims.

IV. **CONCLUSION**

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Sheriff Bradshaw's Motion to Dismiss, **ECF No. [11]**, is **GRANTED in part.** Count III is **DISMISSED WITH PREJUDICE.**

2. The case is **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case.

4. All pending motions in this matter are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Miami, Florida this 25th day of July, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record